UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LUCAS RIVERA,

    Plaintiff,

    v.                                                       Case No. 17-cv-489

SHOOTERS INC.
d/b/a ON THE ROCKS PUB & GRILL,

DKLEIN PROPERTIES, LLC
d/b/a ON THE ROCKS PUB & GRILL,

    and

DEBORAH KLEIN,

    Defendants.

## COMPLAINT

### PRELIMINARY STATEMENT

1.     Plaintiff Lucas Rivera brings this action against his former employers, Shooters Inc. d/b/a On The Rocks Pub & Grill, DKlein Properties, LLC d/b/a On the Rocks Pub & Grill, and Deborah Klein, for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Wisconsin wage and hour laws arising out of his employment at On The Rocks Pub & Grill located in Merton, Wisconsin. At times since April 4, 2014, Plaintiff Rivera was employed by Defendants Shooters Inc. d/b/a On The Rocks Pub & Grill, DKlein Properties, LLC d/b/a On the Rocks Pub & Grill, and Deborah Klein as an hourly bartender, server, and cook. During his employment at On The Rocks Pub & Grill, Defendants Shooters Inc. d/b/a On

The Rocks Pub & Grill, DKlein Properties, LLC d/b/a On the Rocks Pub & Grill, and Deborah Klein suffered or permitted Plaintiff Rivera to work in excess of forty hours in a workweek without compensating him at one and one-half times his regular rate. In addition, Defendants Shooters Inc. d/b/a On The Rocks Pub & Grill, DKlein Properties, LLC d/b/a On the Rocks Pub & Grill, and Deborah Klein failed to compensate Plaintiff Rivera for all hours worked at the mandated minimum wage rate and their agreed-upon wage rates.

2. Plaintiff Rivera brings this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid minimum wages, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate. In addition, Plaintiff Rivera brings this action pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.*, 103.01 *et seq.*, Wis. Admin. Code §§ DWD 272.001 *et* seq., and DWD 2740.01 *et seq.*, for purposes of obtaining relief for unpaid overtime compensation, unpaid agreed-upon wages, unpaid minimum wages, civil penalties, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

3. Defendants Shooters Inc. d/b/a On The Rocks Pub & Grill, DKlein Properties, LLC d/b/a On the Rocks Pub & Grill, and Deborah Klein's willful, dilatory, and unjust failure to compensate Plaintiff Rivera at one and one-half times his regular rate for hours worked in excess of forty in a given workweek and at $7.25 per hour for all hours worked violates the FLSA and Wisconsin law. Defendants Shooters Inc. d/b/a On The Rocks Pub & Grill, DKlein Properties, LLC

d/b/a On the Rocks Pub & Grill, and Deborah Klein's willful, dilatory, and unjust failure to compensate Plaintiff Rivera at his agreed-upon wage rates for all hours worked violates Wisconsin law.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Defendants Shooters Inc. d/b/a On The Rocks Pub & Grill, DKlein Properties, LLC d/b/a On the Rocks Pub & Grill, and Deborah Klein have substantial and systematic contacts in this District.

## PARTIES

7. Defendant Shooters Inc. d/b/a On The Rocks Pub & Grill ("Shooters") is a Wisconsin Corporation with a principal place of business located in Oconomowoc, Wisconsin. Shooters's registered agent for service of process in the State of Wisconsin is Deborah Klein located in Oconomowoc, Wisconsin.

8. On information and belief, Shooters owns and operates On The Rocks Pub & Grill located in Merton, Wisconsin.

9. Defendant DKlein Properties, LLC d/b/a On The Rocks Pub & Grill ("DKlein Properties") is a Wisconsin Limited Liability Company with a principal place of business located in Oconomowoc, Wisconsin. DKlein Properties's registered agent for service of process in the State of Wisconsin is Deborah Klein located in Oconomowoc, Wisconsin.

10. On information and belief, DKlein Properties owns and operates On The Rocks Pub & Grill located in Merton, Wisconsin.

11. Defendant Deborah Klein ("Ms. Klein") is an adult resident of Waukesha County in the State of Wisconsin. Ms. Klein is the owner of On The Rocks Pub & Grill located in Merton, Wisconsin and has had operational control over all aspects – including compensation and human resources policies and practices – of On The Rocks Pub & Grill at all times relevant to this matter.

12. Shooters, DKlein Properties, and Ms. Klein are joint employers and collectively referred to hereinafter as "Defendants."

13. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff Rivera's rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

14. Plaintiff Lucas Rivera is an adult resident of Jefferson County in the State of Wisconsin. Plaintiff Rivera formerly worked as an hourly bartender, server,

and cook for Defendants at the On The Rocks Pub & Grill located in Merton, Wisconsin at times since April 4, 2014.

## GENERAL ALLEGATIONS

15. Since April 4, 2017, Defendants have operated On The Rocks Pub & Grill, a restaurant and tavern located in Merton, Wisconsin.

16. At times since April 4, 2017, Plaintiff Rivera has worked for Defendants at On The Rocks Pub & Grill as a bartender, server, and cook.

17. While Plaintiff Rivera worked as a bartender for Defendants since April 4, 2014, Defendants agreed to pay him an hourly wage of approximately $8.50 for his work.

18. While Plaintiff Rivera worked as a server for Defendants since April 4, 2014, Defendants agreed to pay him a sub-minimum hourly wage of approximately $4.00 for his work.

19. While Plaintiff Rivera worked as a cook for Defendants since April 4, 2014, Defendants agreed to pay him an hourly wage of approximately $10 to $12 for his work.

20. While working for Defendants at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera was required to track his work hours in the electronic Point-of-Sale System located within the restaurant and tavern.

21. Since April 4, 2014, Defendants regularly suffered or permitted Plaintiff Rivera to work in excess of forty hours in various workweeks at On The Rocks Pub & Grill.

22. Since April 4, 2014, Defendants regularly failed to pay Plaintiff Rivera at one and one-half times his regular rate of pay for workweeks in which he worked more than forty hours at On The Rocks Pub & Grill.

23. Since April 4, 2014, Defendants regularly failed to pay Plaintiff Rivera for all hours worked at his agreed-upon wage.

24. Since April 4, 2014, Defendants failed to pay Plaintiff Rivera at the mandated minimum wage in workweeks where he worked as a server at On The Rocks Pub & Grill.

25. While working as a server and bartender for Defendants at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera customarily and regularly received tips.

26. While Plaintiff Rivera worked as a server at On The Rocks Pub & Grill since April 4, 2014, Defendants claimed a tip credit for the difference between the minimum wage and his actual hourly rate.

27. Defendants did not obtain signed tip declarations from Plaintiff Rivera for each pay period in which he worked as a server at On The Rocks Pub & Grill since April 4, 2014.

28. Defendants did not notify Plaintiff Rivera of the method and manner in which they would meet their minimum wage obligations to him as a tipped employee at any time during his employment at On The Rocks Pub & Grill.

29. At all times while working at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera prepared, cooked, and/or served its customers products that had been created outside the State of Wisconsin.

30. On information and belief, Shooters's annual dollar volume of sales of business done in 2014 was at least $500,000.00.

31. On information and belief, Shooters's annual dollar volume of sales or business done in 2015 was at least $500,000.00.

32. On information and belief, Shooters's annual dollar volume of sales or business done in 2016 has met or is projected to be at least $500,000.00.

33. On information and belief, DKlein Properties's annual dollar volume of sales of business done in 2014 was at least $500,000.00.

34. On information and belief, DKlein Properties's annual dollar volume of sales or business done in 2015 was at least $500,000.00.

35. On information and belief, DKlein Properties's annual dollar volume of sales or business done in 2016 has met or is projected to be at least $500,000.00.

36. Defendants' actions as alleged herein were willful, dilatory, and unjust and have deprived Plaintiff Rivera of all compensation owed to him pursuant to the FLSA and/or Wisconsin law.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime and Minimum Wages

37. Plaintiff Rivera reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

38.     At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Shooters.

39.     At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of DKlein Properties.

40.     At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Ms. Klein.

41.     At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Shooters was an employer of Plaintiff Rivera within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

42.     At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, DKlein Properties was an employer of Plaintiff Rivera within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

43.     At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Ms. Klein was an employer of Plaintiff Rivera within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

44. At all times since 2014, Shooters was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

45. At all times since 2014, DKlein Properties was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

46. Plaintiff Rivera is a victim of Defendants' compensation policies and practices in violation of the FLSA, by Defendants' failure to compensate Plaintiff Rivera for all work performed at the mandated minimum wage rate as well as at time and one-half his regular rate of pay for each hour worked in excess of forty hours in any given workweek.

47. The FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or the production of goods for commerce. 29 U.S.C. 206(a).

48. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

49. Defendants were and are subject to the minimum wage and overtime pay requirements of the FLSA because Shooters and DKlein Properties were enterprises engaged in commerce and/or Plaintiff Rivera was engaged in commerce during his employment by Defendants, as defined by the FLSA, 29 U.S.C. § 203(b), at all times since April 4, 2014.

50. Defendants' failure to properly compensate Plaintiff Rivera was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Rivera is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

51. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Plaintiff Rivera is entitled to an award of pre-judgment interest at the applicable legal rate.

52. As a result of the aforementioned willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff Rivera for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

53. As a result of the aforementioned willful violations of the FLSA, minimum wages have been unlawfully withheld by Defendants from Plaintiff Rivera for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

54. Plaintiff Rivera is entitled to damages equal to the amount of unpaid minimum wages and overtime premiums owed since April 4, 2014, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

55. Pursuant to 29 U.S.C. § 216(b), Plaintiff Rivera is entitled to an award of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid minimum and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Minimum Wage, Overtime, and Agreed-Upon Wage Provisions

56. Plaintiff Rivera reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

57. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera was an employee within the meaning of Wis. Stat. § 109.01(1r).

58. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera was an employee within the meaning of Wis. Stat. § 103.001(5).

59. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera was an employee within the meaning of Wis. Stat. § 104.01(2)(a).

60. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

61. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Plaintiff Rivera was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

62. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Shooters was an employer of Plaintiff Rivera within the meaning of Wis. Stat. § 109.01(2).

63. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Shooters was an employer of Plaintiff Rivera within the meaning of Wis. Stat. § 103.001(6).

64. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Shooters was an employer of Plaintiff Rivera within the meaning of Wis. Stat. § 104.01(3)(a).

65. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Shooters was an employer of Plaintiff Rivera within the meaning of Wis. Admin. Code § DWD 272.01(5).

66. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Shooters was an employer of Plaintiff Rivera within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

67. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, DKlein Properties was an employer of Plaintiff Rivera within the meaning of Wis. Stat. § 109.01(2).

68. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, DKlein Properties was an employer of Plaintiff Rivera within the meaning of Wis. Stat. § 103.001(6).

69. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, DKlein Properties was an employer of Plaintiff Rivera within the meaning of Wis. Stat. § 104.01(3)(a).

70. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, DKlein Properties was an employer of Plaintiff Rivera within the meaning of Wis. Admin. Code § DWD 272.01(5).

71. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, DKlein Properties was an employer of Plaintiff Rivera within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

72. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Ms. Klein was an employer of Plaintiff Rivera within the meaning of Wis. Stat. § 109.01(2).

73. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Ms. Klein was an employer of Plaintiff Rivera within the meaning of Wis. Stat. § 103.001(6).

74. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Ms. Klein was an employer of Plaintiff Rivera within the meaning of Wis. Stat. § 104.01(3)(a).

75. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Ms. Klein was an employer of Plaintiff Rivera within the meaning of Wis. Admin. Code § DWD 272.01(5).

76. At all times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Ms. Klein was an employer of Plaintiff Rivera within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

77. At times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Defendants failed to pay Plaintiff Rivera overtime premium compensation at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of Wisconsin law.

78. At times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Defendants failed to pay Plaintiff Rivera at his agreed-upon wage rate for all hours worked in violation of Wisconsin law.

79. At times while Plaintiff Rivera worked at On The Rocks Pub & Grill since April 4, 2014, Defendants failed to pay Plaintiff Rivera at the mandated minimum wage rate for all hours worked in violation of Wisconsin law.

80. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

81. The foregoing conduct, as alleged above, constitutes willful, dilatory, and unjust violations of Wisconsin law.

82. As set forth above, Plaintiff Rivera has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff Rivera seeks damages in the amount of his respective unpaid compensation and such other legal and equitable relief as the Court deems just and proper.

83. Under Wis. Stat. § 109.11, Plaintiff Rivera is entitled to civil penalties equal and up to fifty percent of his unpaid wages.

84. Plaintiff Rivera seeks and is entitled to the recovery of his attorneys' fees and the costs incurred through this action to be paid by Defendants pursuant to Wisconsin wage laws.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Rivera respectfully prays that this Court grant the following relief:

a) An Order finding that Defendants violated the FLSA and Wisconsin overtime laws;

b) An Order finding that Defendants violated the FLSA and Wisconsin minimum wage laws;

c) An Order finding that Defendants violated Wisconsin's agreed-upon wage laws;

d) An Order finding that Defendants violations of the FLSA and Wisconsin law were willful, dilatory, and unjust;

e) Judgment against Defendants in the amount equal to the Plaintiff's unpaid wages at the applicable minimum wages rate, agreed-upon rates, and overtime rates for all time spent performing work for which Plaintiff was not paid pursuant to the rate mandated by the FLSA and/or Wisconsin law;

f) An award in the amount of all liquidated damages and civil penalties available to Plaintiff Rivera as provided under the FLSA and Wisconsin law;

g) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

h) Such other relief as the Court deems just and equitable.

Dated this 4th day of April, 2017.

Respectfully submitted,


*s/Timothy P. Maynard*
Timothy P. Maynard
SBN 1080953
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404


**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s): tmaynard@hq-law.com
ljohnson@hq-law.com
smurshid@hq-law.com